UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BASSIROU SAMB,

                    Petitioner,

          v.

WILLIAM P. JOYCE, et al.,

                    Respondents.

---

25 Civ. 6373 (DEH)

**OPINION
AND ORDER**

DALE E. HO, United States District Judge:

On August 2, 2025, Petitioner Bassirou Samb ("Petitioner" or "Mr. Samb") filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE") and seeking, *inter alia*, his immediate release from ICE custody. *See* Pet. for Writ of Habeas Corpus ("Petition"), ECF No. 1. Mr. Samb alleges that, on August 1, 2025, ICE agents "forcibly arrested" him immediately after he left a scheduled immigration court appearance in Manhattan, in violation of the Due Process Clause of the Fifth Amendment.[1] *Id.* at 1; *see also id.* ¶¶ 8, 44-50. For the reasons stated herein, Mr. Samb's Petition is **GRANTED**.

## BACKGROUND

Mr. Samb is a 30-year-old Senegalese citizen. *Id.* at 12. Respondents contend that "[o]n November 29, 2023, U.S. Customs and Border Protection ("CBP") encountered Mr. Samb at or near the Tucson, Arizona Border Patrol Sector Area of Responsibility." Mascia Decl. ¶ 4, ECF No. 7. Mr. Samb, who was in possession of his Senegalese passport, admitted to CBP that he

---

[1] In addition to Mr. Samb's procedural due process claim, his petition alleges that his detention violates his substantive due process rights; the Immigration and Nationality Act, 8 U.S.C. § 1229a; and the Administrative Procedure Act. *See* Petition. Because the Court concludes that Mr. Samb's release is required by procedural due process, it does not address Mr. Samb's arguments on these claims.

had entered the United States without inspection and without the proper legal forms to enter, pass through, or remain in the country.  *Id.*  On December 1, 2023, CBP served Mr. Samb with a Form I-200 warrant for his arrest under section 236 of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1226.  *See id.* at ¶ 6.  CBP also served Mr. Samb with a Notice to Appear ("NTA") charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen[2] present in the United States "without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."  *Id.* at ¶ 5. The NTA form has separate boxes to designate a noncitizen in removal proceedings as an "arriving alien," an "alien present in the United States," or "admitted to the United States." Mascia Decl. Ex. A, ECF No. 7-1.  Mr. Samb was designated as "present in the United States." *Id.*  That same day, Mr. Samb was released on his own recognizance "in accordance with section 236" of the INA.  Mascia Decl. Ex. C, ECF No. 7-3; *see* Mascia Decl. ¶ 6.

Since his release, Mr. Samb has established "strong[] ties to the community" and gained authorization for employment.  Petition at 2; Petitioner's Response Letter ("Pet'r's Resp. Letter") at 2, ECF No. 9.  Mr. Samb timely filed an application for asylum and withholding of removal based on religion and membership in a particular social group, and for protection under the Convention Against Torture.  *See* Mascia Decl. ¶ 8; Petition ¶¶ 12, 14; Pet'r's Resp. Letter, Ex. 1, ECF No. 9-1.  Nothing in the record suggests that Mr. Samb has ever been arrested or charged with a crime in any country.  Petition at 2.

Mr. Samb has been compliant with his immigration legal requirements.  *Id.*  On February 26, 2024, Mr. Samb's first immigration hearing was scheduled for January 22, 2025.  *See* Mascia Decl. ¶ 7.  On September 24, 2024, Mr. Samb was encountered by ICE.  *Id.* ¶ 9.  Though it was

---

[2] This Opinion uses the terms "alien" and "noncitizen" interchangeably.

initially determined that Mr. Samb was subject to ICE enforcement action, after further

evaluation, he was not taken into custody. *Id.* On November 29, 2024, an immigration judge

approved Mr. Samb's motion to change the venue of his hearing to 290 Broadway in New York,

New York. *Id.* ¶ 10. On May 7, 2025, the Immigration Court scheduled a master calendar

hearing for August 1, 2025. *Id.* ¶ 11.

On August 1, 2025, Mr. Samb appeared *pro se* for his initial master calendar hearing. *Id.*

¶ 12. Because there was no Wolof language interpreter to support the proceedings, the

immigration judge continued the hearing until October 31, 2025. *Id.* Mr. Samb alleges that,

immediately after he left that hearing, ICE officers "encircled" and "forcibly arrested" him

without explanation. Petition at 1; *see also* Pet'r's Resp. Letter at 2.

Mr. Samb alleges that he was arrested "pursuant to DHS's indiscriminate courthouse

arrest policy—without any individualized determination as to why detention is appropriate."

Petition at 2. He points to the absence of evidence in the record showing that any individualized

assessment was performed before his August 1 detention. *See* Pet'r's Resp. Letter at 2. Mr.

Samb further contends that there have been "no changed circumstances" as to his flight risk or

danger to the community since his 2023 release. Petition at 2.

After arresting Mr. Samb, ICE detained and transported him to the "ICE processing

space" within 26 Federal Plaza in New York, New York and served him with a "new Form I-200

arrest warrant." Gov't Letter at 2, ECF No. 8; *see also* Mascia Decl. ¶ 13. ICE also served Mr.

Samb with a notice entitled "Important Information about Section 236(a) Initial Detention

Decisions." Mascia Decl. ¶ 13; Mascia Decl. Ex. E, ECF No. 7-5. Mr. Samb continued to be

detained at 26 Federal Plaza for approximately four days, until August 5, 2025. *See* Mascia

Decl. ¶ 14.[3]  He was then transferred to the Metropolitan Detention Center in Brooklyn, New

York.  *Id.*

On Saturday, August 2, 2025, while still detained at 26 Federal Plaza, Mr. Samb filed this

Petition seeking, *inter alia*, his "immediate release" from custody.  Petition at 2.  This matter was

assigned to the undersigned on Monday, August 4, 2025.  *See* August 4, 2025 Dkt. Entry.  That

same day, this Court, in order to preserve its jurisdiction, directed that Mr. Samb not be removed

from the country during the pendency of this litigation.  *See* Order, ECF No. 3.  It further ordered

Respondents to show cause why the Petition should not be granted by August 7, 2025; instructed

Mr. Samb to submit any Reply by Monday, August 11, 2025, at 12:00 p.m.; and scheduled a

hearing for August 12, 2025, at 10:45 a.m.  *Id.*

Respondents subsequently moved for an extension for their Opposition until August 11,

2025, which the Court granted on August 6, 2025, adjourning the hearing to August 14, 2025, at

11:30 a.m. and instructing Mr. Samb to submit any Reply by August 13, 2025, at 11:30 a.m.  *See*

Order, ECF No. 6.  Respondents then filed their opposition early on August 7, 2025, in the form

of a letter-brief explaining that the Court's decision on the principle legal issues in its oral ruling

in *Lopez Benitez v. Francis*, No. 25 Civ. 5937, ECF No. 12, Tr. at 36:23-43:22 (S.D.N.Y. July

28, 2025), would control in this case, but preserving their right to appeal.  *See* Gov't Letter at 1,

4.  Respondents stated that the Court could "decide this matter without further briefing."  *Id.*  at

4.  On August 8, 2025, this Court issued its opinion and order in *Lopez Benitez*, which it

amended on August 13, 2025 to correct typographical errors and clarify a footnote.  *See Lopez*

---

[3] Detainees at 26 Federal Plaza had "no access to a bed, bathing facilities, or a change of clothes," and "slept on the floor."  *Lopez Benitez v. Francis*, No. 25 Civ. 5937, 2025 WL 2371588, at *2 (S.D.N.Y. Aug. 13, 2025).  On August 12, 2025, a week after Mr. Samb was transferred, a Temporary Restraining Order issued directing the government to address these and other conditions at 26 Federal Plaza.  *See Barco Mercado v. Noem*, No. 25 Civ. 6568, ECF No. 65 (S.D.N.Y. Aug. 12, 2025), *amended*, ECF No. 70 (S.D.N.Y. Aug. 27, 2025).

*Benitez v. Francis*, No. 25 Civ. 5937, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025).  The opinion

supersedes the oral ruling but rests on substantially the same reasoning and analysis.  *See id.*

Petitioner filed a Reply on August 11, 2025.  *See* Pet'r's Resp. Letter.  In light of

Respondents' concession, on August 12, 2025, the Court issued an order canceling the August

14, 2025 hearing, granting the Petition, and ordering that Mr. Samb be released from custody no

later than August 13, 2025, at 5:00 p.m.  *See* Order, ECF No. 11.  It further directed Respondents

to certify compliance with the Court's order on the docket.  *See id.*  The Court noted that this

Opinion and Order would follow.  *See id.*

On August 13, 2025, Respondents certified by letter that Mr. Samb was released from

ICE custody on August 13, 2025, in accordance with the Court's order. *See* August 13, 2025

Letter, ECF No. 12.

## DISCUSSION

This Court decided the legal issues raised here in *Lopez Benitez v. Frances*, No. 25 Civ.

5937, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025).  Respondents concede that the facts here are

"materially indistinguishable" from those of *Lopez Benitez*, and thus the decision in *Lopez*

*Benitez* "would control the result in this case if the Court adheres to that decision."  Gov't Letter

at 4.  The Court does indeed adhere to its decision in *Lopez Benitez*.

Like Mr. Lopez Benitez, Mr. Samb was initially charged with removability pursuant to 8

U.S.C. § 1226, *see Lopez Benitez*, 2025 WL 2371588, at *1; Mascia Decl. Ex. B, ECF No. 7-2,

which provides for discretionary authority to detain noncitizens who are "already in the country."

*Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018) (citing 8 U.S.C. § 1226).  Both Mr. Lopez

Benitez and Mr. Samb were released from detention on their own recognizance, "in accordance

with section 236 of the Immigration and Nationality Act,"—i.e., § 1226.  *See Lopez Benitez*,

2025 WL 2371588, at *1; Mascia Decl. Ex. C.  Once released, they filed applications for asylum,

maintained no criminal history, and satisfied their immigration legal obligations. *See Lopez Benitez*, 2025 WL 2371588, at \*1; Mascia Decl. ¶ 8; Petition at 2.  Like Mr. Lopez Benitez, Mr. Samb was arrested outside of a scheduled immigration court appearance and served with "a new Form I-200 arrest warrant," again pursuant to 8 U.S.C. § 1226.  *See Lopez Benitez*, 2025 WL 2371588, at \*1; Mascia Decl. ¶ 13; Mascia Decl. Ex. D, ECF No. 7-4; Gov't Letter at 2.  Their re-detention occurred with no evidence suggesting any kind of individualized custody determination, including any material change in circumstances that preceded their 2025 arrests. *See Lopez Benitez*, 2025 WL 2371588, at \*11; Gov't Letter at 4 (stating that circumstances of the two cases are "materially indistinguishable").[4]

The Court concludes that given the uncanny factual similarities between the two cases, the same legal standard—and the Court's ruling in *Lopez Benitez*—must govern the outcome of Mr. Samb's Due Process claim.  For the reasons stated in *Lopez Benitez*, the Court holds that Mr. Samb was not subject to mandatory detention as a noncitizen "seeking admission" to the country under 8 U.S.C. § 1225, but rather may be subject to detention only on a discretionary basis under § 1226.  *See* 2025 WL 2371588, at \*3-9.  Furthermore, as in *Lopez Benitez*, there is no evidence of "an individualized assessment as to [Mr. Samb's] dangerousness or flight risk, or any kind of process at all sufficient to qualify as a valid exercise of discretion." *Id.* at \*13.  Indeed, there is no evidence of any exercise of discretion at all.  For the reasons given in *Lopez Benitez*, the Court holds that Mr. Samb's arrest and detention on August 1, 2025 violated his rights under the Due Process Clause.  *See id.* at \*9-13.  Moreover, Mr. Samb was not required to exhaust administrative remedies by appealing to an immigration judge, for the same reasons stated in

---

[4] The Court takes the Government's assertion that the facts of this case are "materially indistinguishable" from those of *Lopez Benitez* as a concession of the principal factual allegations relevant to Mr. Samb's Due Process claim.

6

*Lopez Benitez*. *See id.* at \*13-14.  Accordingly, as the Court held in *Lopez Benitez*, Mr. Samb's

Petition must be granted.  *See id.* at \*15.

## CONCLUSION

By complying with his legal responsibilities and attending his regularly scheduled

immigration court proceeding, Mr. Samb joined the unlucky ranks of Mr. Lopez Benitez and

others in losing a perilous game of chance currently taking place outside of immigration court in

Manhattan.  These seemingly random and arbitrary detentions contravene the basic guarantees of

constitutional due process.  Accordingly, for the reasons stated above, Mr. Samb's Petition is

**GRANTED**.

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: August 19, 2025

New York, New York

_____

DALE E. HO
United States District Judge